IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASCADES BRANDING INNOVATION LLC<br><br>        Plaintiff,<br>    vs.<br><br>WALGREEN CO., BEST BUY CO., INC., EXXON MOBIL CORPORATION, TARGET CORPORATION, and LIMITED BRANDS, INC.<br><br>        Defendants. | Civil Action No. 11-CV-2519<br><br>**JURY TRIAL DEMANDED**<br><br>Judge Harry D. Leinenweber |

## AMENDED COMPLAINT FOR PATENT INFRINGMENT

Plaintiff Cascades Branding Innovation LLC ("Cascades") amends its complaint under Federal Rule Civil Procedure 15(a)(1)(A) as a matter of course as follows and complains of defendants Walgreen Co. ("Walgreens"), Best Buy Co., Inc. ("Best Buy"), Exxon Mobil Corporation ("Exxon Mobil"), Target Corporation ("Target"), and Limited Brands, Inc. ("Limited Brands") as follows:

## THE PARTIES

1.    Plaintiff Cascades is an Illinois limited liability company having a place of business at 500 Skokie Boulevard, Suite 350, Northbrook, Illinois. Cascades is the exclusive licensee and holder of all substantial rights to U.S. Patent No. 7,768,395, referred to below as the "Cascades Patent." Cascades has standing to sue for infringement of the Cascades Patent. The Cascades patent is entitled "BRAND MAPPING," and relates to improvements in mobile devices to allow them to locate branded products and services in their vicinity.

2. Defendant Walgreens is an Illinois corporation having a principal place of business in Deerfield, Illinois. Walgreens provides its customers the Walgreens application, aspects of which Cascades contends infringe the Cascades Patent as alleged below. The Walgreens application operates on consumers' smart phones and like devices (such as the Apple iPhone), and allows such phones and devices to enable users to select a Walgreen-branded icon to locate Walgreens-branded retail locations in their vicinity on a map, without the users having to manually enter a device location.

3. Defendant Best Buy is a Minnesota corporation having a principal place of business in Richfield, Minnesota. Best Buy provides its customers the Best Buy application, aspects of which Cascades contends infringe the Cascades Patent as alleged below. The Best Buy application operates on consumers' smart phones and like devices (such as the Apple iPhone), and allows such phones and devices to enable users to select a Best Buy-branded icon to locate Best Buy-branded retail locations in their vicinity on a map, without the users having to manually enter a device location.

4. Defendant Exxon Mobil is a New Jersey corporation having a principal place of business in Irving, Texas. Exxon Mobil provides its customers the Fuel Finder application, aspects of which Cascades contends infringe the Cascades Patent as alleged below. The Fuel Finder application operates on consumers' smart phones and like devices (such as the Apple iPhone), and allows such phones and devices to enable users to select an Exxon Mobil-branded icon to locate Exxon Mobil-branded retail locations in their vicinity on a map, without the users having to manually enter a device location.

5. Defendant Target is a Minnesota corporation having a principal place of business in Minneapolis, Minnesota. Target provides its customers the Target application,

aspects of which Cascades contends infringe the Cascades Patent as alleged below. The Target application operates on consumers' smart phones and like devices (such as the Apple iPhone), and allows such phones and devices to enable users to select a Target-branded icon to locate Target-branded retail locations in their vicinity on a map, without the users having to manually enter a device location.

6. Defendant Limited Brands, Inc. is a Delaware corporation having a principal place of business in Columbus, Ohio. Limited Brands provides its customers the Victoria's Secret All Access application, aspects of which Cascades contends infringe the Cascades Patent as alleged below. The Victoria's Secret All Access application operates on consumers' smart phones and like devices (such as the Apple iPhone), and allows such phones and devices to enable users to select a Victoria's Secret-branded icon to locate Victoria's Secret-branded retail locations in their vicinity on a map, without the users having to manually enter a device location.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, e.g., 35 U.S.C. §§ 271, 281, 283-285. Subject matter jurisdiction exists under 28 U.S.C. §§ 1331 and 1338(a).

8. Defendant Walgreens resides in the State of Illinois, and in this judicial district. Accordingly, this Court has personal jurisdiction over Walgreens, and venue is proper in this Court under 28 U.S.C. § 1391 and/or 1400.

9. Defendants Best Buy, Exxon Mobil, Target, and Limited Brands have transacted business in this judicial district by making, using, selling, offering to sell and/or distributing mobile device applications that violate Cascade's patent in this

3

judicial district. Accordingly, this Court has personal jurisdiction over these defendants and venue is proper in this Court under 28 U.S.C. § 1391 and/or 1400.

## FACTUAL BACKGROUND

10. Inventor Steven K. Gold is a medical doctor by degree who attended medical school to pursue his dream of inventing medical device technologies, as shown by his first two issued patents. Following medical school, Dr. Gold became a successful entrepreneur and started companies in the life sciences and other fields. Dr. Gold now teaches entrepreneurship at the college level to both undergraduate and graduate students. Dr. Gold invented and filed for the Cascades Patent before the first sale in 2007 of the Apple iPhone. The Cascades Patent issued on August 3, 2010.

11. Walgreens has been aware of the Cascades Patent since at least approximately April 5, 2011, the date of a Notice of Infringement sent to Walgreens on behalf of Cascades. The Notice of Infringement included an infringement claim chart for the Cascades Patent, and a firm license offer to abate Walgreens' infringement. Walgreens did not accept the license offer.

12. Best Buy has been aware of the Cascades Patent since at least approximately April 14, 2011, the date of a Notice of Infringement sent to Best Buy on behalf of Cascades. The Notice of Infringement included an infringement claim chart for the Cascades Patent, and a firm license offer to abate Best Buy's infringement. Best Buy did not accept the license offer.

13. Exxon Mobil has been aware of the Cascades Patent since at least approximately April 14, 2011, the date of a Notice of Infringement sent to Exxon Mobil on behalf of Cascades. The Notice of Infringement included an infringement claim chart

for the Cascades Patent, and a firm license offer to abate Exxon Mobil's infringement. Exxon Mobil did not accept the license offer.

14. Target has been aware of the Cascades Patent since at least approximately April 14, 2011, the date of a Notice of Infringement sent to Target on behalf of Cascades. The Notice of Infringement included an infringement claim chart for the Cascades Patent, and a firm license offer to abate Target's infringement. Target did not accept the license offer.

15. Limited Brands has been aware of the Cascades Patent since at least approximately April 14, 2011, the date of a Notice of Infringement sent to Limited Brands on behalf of Cascades. The Notice of Infringement included an infringement claim chart for the Cascades Patent, and a firm license offer to abate Limited Brands' infringement. Limited Brands did not accept the license offer.

**COUNT I - WALGREENS**

16. Cascades hereby incorporates paragraphs 1-15 above by reference.

17. Walgreens has infringed at least one claim of the Cascades Patent through, among other activities, making, using (for example by testing), offering to sell, and/or selling the Walgreens application. Its infringement may include additional products, services and technologies (to be determined in discovery) marketed or used by Walgreens. Walgreens has also knowingly and intentionally actively aided, abetted and induced others to infringe (such as its customers, users, application downloaders and/or business partners in this judicial district and throughout the United States). Walgreens has also knowingly contributed to customer infringement, within the meaning of 35 U.S.C. §

271(c), by among other things providing the Walgreens application, which is a not a staple article of commerce capable of substantial noninfringing use.

18. As a direct and proximate consequence of the infringement, Cascades has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

## COUNT II – BEST BUY

19. Cascades hereby incorporates paragraphs 1- 15 above by reference.

20. Best Buy has infringed at least one claim of the Cascades Patent through, among other activities, making, using (for example by testing), offering to sell, and/or selling the Best Buy application. Its infringement may include additional products, services and technologies (to be determined in discovery) marketed or used by Best Buy. Best Buy has also knowingly and intentionally actively aided, abetted and induced others to infringe (such as its customers, users, application downloaders and/or business partners in this judicial district and throughout the United States). Best Buy has also knowingly contributed to customer infringement, within the meaning of 35 U.S.C. § 271(c), by among other things providing the Best Buy application, which is a not a staple article of commerce capable of substantial noninfringing use.

21. As a direct and proximate consequence of the infringement, Cascades has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will

continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

### COUNT III – EXXON MOBIL

22. Cascades hereby incorporates paragraphs 1-15 above by reference.

23. Exxon Mobil has infringed at least one claim of the Cascades Patent through, among other activities, making, using (for example by testing), offering to sell, and/or selling the Fuel Finder application. Its infringement may include additional products, services and technologies (to be determined in discovery) marketed or used by Exxon Mobil. Exxon Mobil has also knowingly and intentionally actively aided, abetted and induced others to infringe (such as its customers, users, application downloaders and/or business partners in this judicial district and throughout the United States). Exxon Mobil has also knowingly contributed to customer infringement, within the meaning of 35 U.S.C. § 271(c), by among other things providing the Fuel Finder application, which is a not a staple article of commerce capable of substantial noninfringing use.

24. As a direct and proximate consequence of the infringement, Cascades has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

### COUNT IV - TARGET

25. Cascades hereby incorporates paragraphs 1-15 above by reference.

26. Target has infringed at least one claim of the Cascades Patent through, among other activities, making, using (for example by testing), offering to sell, and/or selling the Target application. Its infringement may include additional products, services and technologies (to be determined in discovery) marketed or used by Target. Target has also knowingly and intentionally actively aided, abetted and induced others to infringe (such as its customers, users, application downloaders and/or business partners in this judicial district and throughout the United States). Target has also knowingly contributed to customer infringement, within the meaning of 35 U.S.C. § 271(c), by among other things providing the Target application, which is a not a staple article of commerce capable of substantial noninfringing use.

27. As a direct and proximate consequence of the infringement, Cascades has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

## COUNT V – LIMITED BRANDS

28. Cascades hereby incorporates paragraphs 1-15 above by reference.

29. Limited Brands has infringed at least one claim of the Cascades Patent through, among other activities, making, using (for example by testing), offering to sell, and/or selling the Victoria's Secret All Access application. Its infringement may include additional products, services and technologies (to be determined in discovery) marketed or used by Limited Brands. Limited Brands has also knowingly and intentionally actively

8

aided, abetted and induced others to infringe (such as its customers, users, application downloaders and/or business partners in this judicial district and throughout the United States). Target has also knowingly contributed to customer infringement, within the meaning of 35 U.S.C. § 271(c), by among other things providing the Victoria's Secret All Access application, which is a not a staple article of commerce capable of substantial noninfringing use.

30. As a direct and proximate consequence of the infringement, Cascades has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Cascades asks this Court to enter judgment against each and every defendant and against their respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A. An award of damages adequate to compensate Cascades for the infringement that has occurred, together with prejudgment interest from the date infringement of the Cascades Patent began and statutory costs;

B. An award to Cascades of all remedies available under 35 U.S.C. § 284;

C. An award to Cascades of all remedies available under 35 U.S.C. § 285;

    D.      A permanent injunction prohibiting further infringement, inducement and contributory infringement of the Cascades Patent; and,

    E.      Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Cascades demands a trial by jury on all issues so triable.

Dated:   June 28, 2011

                      Cascades Branding Innovations LLC

                      By: /s/ Robert P. Greenspoon

                      Robert P. Greenspoon
                      Michael R. La Porte
                      FLACHSBART & GREENSPOON, LLC
                      333 North Michigan Avenue, Ste 2700
                      Chicago, IL  60601
                      T:  312-551-9500
                      F:  312-551-9501

                      **Attorneys for Plaintiff**
                      **Cascades Branding Innovation LLC**