**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| | ) | |
| CASCADES BRANDING INNOVATION LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cv-02519 |
| | ) | |
| BEST BUY CO., INC., et al. | ) | Judge Harry D. Leinenweber |
| | ) | Magistrate Judge Young B. Kim |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TARGET**
**CORPORATION'S MOTION TO DISMISS AND/OR STRIKE CASCADES BRANDING**
**INNOVATION LLC'S INDIRECT INFRINGEMENT CLAIMS PURSUANT TO**
**FED. R. CIV. P. 12(b)(6), OR IN THE ALTERNATIVE, FOR A MORE**
**DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e)**

## I.    INTRODUCTION

Defendant Target Corporation ("Target") moves pursuant to Federal Rule of Civil

Procedure 12(b)(6) to dismiss and/or strike Cascades Branding Innovation LLC's ("Cascades")

Amended Complaint for Patent Infringement (Dkt. No. 14) to the extent it alleges claims against

Target for indirect infringement, namely: (a) contributory patent infringement under 35 U.S.C. §

271(c) and (b) induced patent infringement under 35 U.S.C. § 271(b), purportedly alleged in the

last two sentences in paragraph 26 of the Amended Complaint.  Cascades' Amended Complaint

omits allegations essential to establish claims for indirect infringement against Target.  Although

contributory infringement requires "knowledge of infringement," and inducement requires a

"specific intent to encourage infringement," Cascades' allegations of both contributory and

induced infringement fail to include the required scienter.  Cascades also fails to allege the

threshold acts of direct infringement on which its claims for indirect infringement rely. Each of these factors alone is sufficient to compel dismissal of the indirect infringement claims.[1]

Because Cascades' indirect infringement claims fail to provide a meaningful showing (as opposed to a conclusory assertion) of entitlement to relief, Target's motion to dismiss these claims should be granted. As the Supreme Court held in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), should a claim consist of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," then dismissal under Rule 12(b)(6) is required. *Iqbal*, 129 S. Ct. at 1949. The Court emphasized the importance of sufficient factual allegations "lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value." *Twombly*, 550 U.S. at 558 (quotations omitted).

## II.    BACKGROUND

On June 28, 2011, Cascades filed its Amended Complaint against Target, alleging direct and indirect infringement of U.S. Patent No. 7,768,395 ("the '395 patent"), which purportedly relates to "improvements in mobile devices to allow them to locate branded products and services in their vicinity." (Dkt. No. 14 at ¶ 1.) The Amended Complaint consists of five counts, one against each defendant. (*Id.* at ¶¶ 16-30.) Each count includes the same direct and

---

[1]     A motion to dismiss some, but not all, claims in a complaint extends the time to answer the remaining claims. *Oil Express Nat'l, Inc. v. D'Alessandro*, 173 F.R.D. 219, 220 (N.D. Ill. 1997) ("The majority of courts that have considered this question ... have concluded that a party does not need to file an answer while a partial motion to dismiss is pending"). *See also Shah v. Kik Int'l LLC*, No. 3:06-CV-712, 2007 WL 1876449 at *1 (N.D. Ind. June 26, 2007) (Nuechterlein, J.) (citing *Oil Express* and 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure S 1346 (3d ed. 2004)); *Vendetti v. Compass Envtl., Inc.*, No. 06-cv-3556, 2006 U.S. Dist. LEXIS 77609 at *9-10 (N.D. Ill. October 26, 2006) (Aspen, J.) ("[c]ourts in the Northern District of Illinois have adopted the 'majority interpretation' of Fed. R. Civ. P. 12(a) regarding the timing of a defendant's answer to unchallenged counts, where it has filed a motion to dismiss other counts"). On this authority, Target is not filing an answer to the Amended Complaint at this time while reserving its right to answer and defend any claims that survive this motion to dismiss.

indirect infringement allegations. (*Id.*) As for indirect infringement, Cascades' allegations

consist, in their entirety, of just two sentences:

> Target has also knowingly and intentionally actively aided, abetted and induced
> others to infringe (such as its customers, users, application downloaders and/or
> business partners in this judicial district and throughout the United States). Target
> has also knowingly contributed to customer infringement, within the meaning of
> 35 U.S.C. § 271(c), by among other things providing the Target application,
> which is a [sic] not a staple article of commerce capable of substantial
> noninfringing use.

(Dkt. No. 14 at ¶ 26.) Cascades alleges no other facts in support of its indirect

infringement claims.

## III.    LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a

"short and plain statement of the claim showing that the pleader is entitled to relief." FED. R.

CIV. P. 8(a)(2). "Standards for the degree of notice required under Rule 8(a)(2) are evolving

rapidly … and the pendulum recently has swung from minimum notice to more." *Escuadra v.*

*Geovera Specialty Ins. Co.*, No. 1:09-cv-974, 2010 WL 3633009, at *6 (E.D. Tex. Sept. 9, 2010).

Thus, federal pleading under Rule 8 requires a "showing" of facial plausibility, and not merely a

conclusory assertion, of entitlement to relief. *Twombly*, 550 U.S. at 556 n.3. "A claim has facial

plausibility when the pleaded factual content allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing

*Twombly*, 550 U.S. at 556). The pleading must "raise a reasonable expectation that discovery

will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." *Twombly*, 550 U.S. at 555; *see also Swanson v. Citibank, N.A.*, 614 F.3d

400, 404 (7th Cir. 2010) ("the plaintiff must give enough details about the subject-matter of the

case to present a story that holds together…"). "[I]dentifying only what law forms the basis of the complaint, without pleading facts indicating how a defendant violated that law, proves only a theoretical possibility that a cause of action could be stated against the defendant, not that Plaintiff did state a cause of action." *Escuadra*, 2010 WL 3633009 at *7 (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)); *see Iqbal*, 129 S. Ct. at 1950 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."). If a claim does not meet this standard, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court," and therefore be dismissed under Rule 12(b)(6). *Twombly,* 550 U.S. at 558, 570.

In considering a motion to dismiss under Rule 12(b)(6), although a court should accept as true all of the factual allegations contained in a complaint, this tenet "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949-50. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* The court looks not at the probability that a given allegation is factually true, but instead at whether it is no more than a conclusion without identified support. *Id.* at 1951 ("[i]t is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.").

The Supreme Court has thus adopted a two-step approach to determine whether a complaint complies with Rule 8. *See Iqbal*, 129 S.Ct. at 1950. The first step is to "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. In order to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (*citing Twombly*). Notably, "while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950.

4

If there are well-pleaded factual allegations, then the second step of the *Iqbal/Twombly* analysis is to "assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Iqbal*, 129 S. Ct. at 1950. Pleading facts that are "merely consistent with" liability does not meet the plausibility requirement, because the requirement "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949.

## IV. ARGUMENT

Cascades' boilerplate indirect infringement allegations merely recite the legal standard for indirect infringement, and thus are entitled to no weight. *See Iqbal*, 129 S. Ct. at 1949-50. After stripping these legal conclusions from Cascades' Amended Complaint, along with the allegations that merely parrot the language of 35 U.S.C. § 271 (*i.e.*, Target has infringed Cascades' patents by "making, using (for example by testing), offering to sell, and/or selling the Target application"), there is nothing left to Cascades' claim. Cascades' infringement allegations contain no factual support.

### A. Contributory Infringement

Cascades' Amended Complaint fails to support a claim of contributory infringement. First, because direct infringement is a pre-requisite for indirect infringement, Cascades' failure to plead facts showing that any third party infringed the '395 patent mandates dismissal of Cascades' contributory infringement claim. *See, e.g.*, *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006) (en banc) ("[T]o prevail on contributory infringement, [the plaintiff] must … show[] that [the defendant] contributed to another's direct infringement").

Second, Cascades also fails to allege that Target possessed the appropriate level of scienter required for contributory infringement. Specifically, the Amended Complaint simply states that "Target has also knowingly contributed to customer infringement, within the meaning of 35 U.S.C. § 271(c), by among other things providing the Target application, which is a [sic]

not a staple article of commerce capable of substantial noninfringing use." (Dkt. No 14 at ¶ 26).

Cascades, however, fails to plead that Target had the requisite knowledge of some unspecified

infringement.

As the language of 35 U.S.C. § 271(c) explicitly requires, "Whoever offers to sell

or sells … a component … *knowing the same to be especially made or especially adapted for use*

*in an infringement of such patent*."  35 U.S.C. § 271(c) (emphasis added).  Thus, the requisite

scienter for contributory infringement requires that a party know, not only of the patent, but also

of the infringement.  *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009)

(a party must know that the combination for which its components were especially made are

"both patented and infringing.").  Cascades' conclusory allegation that Target had knowledge of

customer's infringement is insufficient to support a claim for contributory infringement.  *Id.*; *see*

*also Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964) (requires a

showing that an alleged contributory infringer knew that acts would be infringing).

**B.     Induced Infringement**

As with its contributory infringement claim, Cascades' allegations fail to support a

showing of facial plausibility for entitlement to relief for inducement of infringement.  First, as

illustrated in Section IV.A, *supra*, Cascades fails to allege one specific instance of direct

infringement by a third party sufficient to support a claim of inducement of infringement.

Without such an allegation of direct infringement, Cascades' claim for induced

infringement fails.  *See ACCO Brands, Inc. v. ABA Locks Mfrs. Co.,* 501 F.3d 1307, 1312 (Fed.

Cir. 2007) ("In order to prevail on an inducement claim, the patentee must establish first that

there has been direct infringement, and second that the alleged infringer knowingly induced

infringement and possessed specific intent to encourage another's infringement.").

Second, while Cascades has stated in a conclusory fashion that "Target has also knowingly and intentionally actively aided, abetted and induced others to infringe…," Cascades has not pled that Target knowingly induced infringement by some specified third party or that Target possessed the specific intent to encourage another's infringement. Like contributory infringement, inducement also requires a level of scienter. More particularly, an alleged inducer must possess "specific intent to encourage another's infringement." *Acco Brands*, 510 F.3d at 1312. Where the evidence shows that an alleged infringer had knowledge of the patent, but "could have reasonably believed [its product instructions] were non-infringing," such circumstances do not meet the requisite level of intent. *See Vita-Mix Corp. v. Basic Holding*, Inc., 581 F.3d 1317, 1327-28 (Fed. Cir. 2009) ("Vita–Mix establishes that Basic knew of the patent, and argues that Basic knew of its products' potentially infringing use, but goes no further. Indeed, the record is devoid of actual evidence establishing specific intent to encourage customers to infringe the . . . patent. Vita–Mix instead points to the product instructions and the design of the device to support an inference of intent.").

Cascades alleges no facts that demonstrate Target possessed the requisite level of intent to support a claim for inducement of infringement. Cascades' claim for inducement should therefore be dismissed. *See Ristvedt-Johnson, Inc. v. Peltz*, C.A. No. 91 C 3273, 1991 WL 255691, at *5 (N.D. Ill. Nov. 18, 1991) (dismissing induced infringement claims because "the plaintiffs' allegations are so factually insufficient that they do not even suggest how or when the defendants induced [the identified third party] or that the defendants intended to induce [the third party] to infringe on the plaintiff's patents as required to prove a § 271(b) violation").

7

**V.     IN THE ALTERNATIVE, CASCADES SHOULD BE FORCED TO PROVIDE A MORE DEFINITE STATEMENT**

The indirect infringement allegations in Cascades' Amended Complaint fail to satisfy the pleading requirements set forth in *Twombly* and *Iqbal*, and should be dismissed accordingly.  If any part of these allegations is not dismissed, Target respectfully requests that the Court order Cascades to provide a more definite statement explaining its claims pursuant to Federal Rule of Civil Procedure 12(e), to correct the defects specified above.

**VI.     CONCLUSION**

For the foregoing reasons, Target respectfully requests that this Court grant its motion and dismiss Cascades' indirect infringement claims and/or strike the last two sentences of paragraph 26 of Cascades' Amended Complaint, or alternatively order Cascades to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

Dated: October 7, 2011

                                Respectfully submitted,

                                TARGET CORPORATION


                                By   /s/ Roger A. Lewis_____
                                       One of Its Attorneys


Roger A. Lewis (#06229704)
GOLDBERG KOHN LTD.
55 East Monroe, Suite 3300
Chicago, Illinois 60603
Telephone: (312) 201-3981
Facsimile: (312) 863-7481


OF COUNSEL (*Pro Hac Vice* Applications to be
submitted):

Ann Cathcart Chaplin
cathcartchaplin@fr.com
David A. Gerasimow
gerasimow@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

Ruffin B. Cordell
cordell@fr.com
Jams A. Fussell, III
fussell@fr.com
FISH & RICHARDSON P.C.
1425 K Street, N.W., Suite 1100
Washington, D.C.  20005
Telephone:  (202) 783-5070
Facsimile:   (202) 783-2331

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on October 7, 2011, he caused a copy of **Memorandum Of Law In Support Of Defendant Target Corporation's Motion To Dismiss And/Or Strike Cascades Branding Innovation LLC's Indirect Infringement Claims Pursuant To Fed. R. Civ. P. 12(b)(6), Or In The Alternative, For A More Definite Statement Pursuant To Fed. R. Civ. P. 12(e)** to be served using the CM/ECF e-filing system upon all counsel of record.


/s/ Roger A. Lewis
Roger A. Lewis