**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CASCADES BRANDING INNOVATION LLC, <br><br> Plaintiff <br><br> vs. <br><br> BEST BUY CO., INC., EXXON MOBIL CORPORATION, TARGET CORPORATION, and LIMITED BRANDS, INC., <br><br> Defendants. | Case No. 1:11-cv-02519 <br><br> Judge Harry D. Leinenweber <br> Magistrate Judge Young B. Kim |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT BEST BUY CO., INC.'S MOTION TO DISMISS AND/OR STRIKE CASCADES BRANDING INNOVATION LLC'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**I.   INTRODUCTION**

Defendant Best Buy Co., Inc.[1] ("Best Buy") hereby moves to dismiss and/or strike Cascades Branding Innovation LLC's ("Cascades'") Amended Complaint for Patent Infringement (Dkt. #14) pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The infringement allegations against Best Buy in Cascades' Amended Complaint are exactly the kind of insufficient "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that are the focus of *Iqbal*, 129 S. Ct. at 1949, and *Twombly*, 550 U.S. at

---

[1] Cascades has named Best Buy Co., Inc. as a defendant in this matter, but Best Buy Co., Inc. is not the correct Best Buy entity based on Cascades' allegations. Best Buy assumes this issue can be resolved by substitution, and it is not intended to be addressed in this motion.

555. The allegations of infringement fail to allege facts supporting (1) direct infringement, (2) the specific intent to encourage infringement required to establish a claim for inducement, (3) the knowledge of infringement required to establish a claim for contributory infringement, and (4) the underlying acts of direct infringement required to establish either type of indirect infringement. The infringement allegations in Cascades' Amended Complaint are therefore fatally inadequate, and this Court should dismiss them.

## II.     FACTUAL BACKGROUND

Cascades filed its Amended Complaint on June 28, 2011 against Best Buy and four other defendants, alleging infringement of U.S. Patent No. 7,768,395 ("the '395 patent"), which is entitled "BRAND MAPPING" and which purportedly "relates to improvements in mobile devices to allow them to locate branded products and services in their vicinity." (Dkt. #14 at ¶ 1). Cascades' allegations against Best Buy include both direct and indirect infringement of the '395 patent. (Dkt. #14 at ¶ 20). Cascades' Amended Complaint recites, essentially verbatim, the same allegations against each of the five defendants.[2] Cascades' direct infringement allegations consist of nothing more than the following sentence:

> Best Buy has infringed at least one claim of the Cascades Patent through, among other activities, making, using (for example by testing), offering to sell, and/or selling the Best Buy application.

(Dkt. #14 at ¶ 20). Cascades' inducement allegations consist of the following single sentence:

> Best Buy has also knowingly and intentionally actively aided, abetted and induced others to infringe (such as its customers, users, application downloaders and/or business partners in this judicial district and throughout the United States).

---

[2] Count I of the Amended Complaint alleges infringement by Walgreen Co. (Dkt. #14 at ¶¶ 16-18). Cascades' claims against Walgreen Co. have been dismissed with prejudice, leaving four remaining defendants.

(Dkt. #14 at ¶ 20). Cascades' contributory infringement allegations are also limited to a single sentence:

> Best Buy has also knowingly contributed to customer infringement, within the meaning of 35 U.S.C. § 271(c), by among other things providing the Best Buy application, which is a [sic] not a staple article of commerce capable of substantial noninfringing use.

(Dkt. #14 at ¶ 20).

Aside from alleging Best Buy's knowledge of the '395 patent based on a Notice of Infringement sent by Cascades in April 2011 (Dkt. #14 at ¶ 12) and a general statement that "Best Buy provides its customers the Best Buy application" (Dkt. #14 at ¶ 3), Cascades alleges no facts that could be construed as supporting its indirect infringement claims. Notably, and as discussed below, Cascades does not allege any facts showing that Best Buy has operated with the state of mind required to prove either type of indirect infringement, *i.e.*, knowledge of *infringement* of the '395 patent.

## III. LEGAL STANDARD[3]

Under the notice-pleading standard, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the statement may be "short and plain," "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). In other words, dismissal is required if a plaintiff fails to

---

[3] Best Buy understands that Target Corporation has also filed a Motion to Dismiss and/or Strike Cascades' indirect infringement claims based on arguments similar to those raised in the instant motion.

DEFENDANT BEST BUY CO., INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS AND/OR STRIKE
CASCADES BRANDING INNOVATION LLC'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

"nudge[] [his] claims across the line from conceivable to plausible . . . ." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In the context of a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Under *Iqbal*, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557) (alteration in original). "'[A]bstract recitations of the elements of a cause of action or conclusory legal statements' do nothing to distinguish the particular case that is before the court from every other hypothetically possible case in that field of law." *Swanson*, 614 F.3d at 405 (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)) (internal citation omitted); *see also Iqbal*, 129 S. Ct. at 1950 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "Such statements therefore do not add to the notice that Rule 8 demands." *Id.*

The pleading requirements discussed in *Twombly* and *Iqbal* exist "lest a plaintiff with 'a largely groundless claim' be allowed to 'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" *Twombly*, 550 U.S. at 558 (citation and quotation marks omitted). Thus, when the allegations in a complaint are insufficient, "this basic deficiency should . . . be exposed at the point of minimum

expenditure of time and money by the parties and the court," *Twombly*, 550 U.S. at 558 (citations and quotation marks omitted; alteration in original), and the complaint should be dismissed.

## IV. ARGUMENT

Cascades' infringement allegations do nothing more than provide a "formulaic recitation" of the legal standards for the various forms of infringement, *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555), providing no factual support whatsoever, and are entitled to no weight. Those allegations should therefore be dismissed.

### A. Direct Infringement

Cascades' Amended Complaint does not support a claim for direct infringement by Best Buy. As discussed above, Cascades' direct infringement allegation against Best Buy is limited to a single sentence in paragraph 20 of the Amended Complaint. Parroting the "makes, uses, offers to sell, or sells" language of 35 U.S.C. § 271(a) in conclusory fashion without providing factual support does not satisfy the standards set forth in *Twombly* and *Iqbal*. Cascades' direct infringement claim should therefore be dismissed.

### B. Inducement

Cascades' Amended Complaint does not support a claim for inducement to infringe because its allegations contain no factual support for two necessary elements for proving inducement. First, Cascades has not put forth any factual support for its allegation that Best Buy induced a third party to infringe the '395 patent. In order to be held liable for inducement, a party must possess "specific intent to encourage another's infringement." *ACCO Brands, Inc. v. ABA Locks Mfrs. Co.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007) (citation omitted). If a party has a reasonable belief that its product is non-infringing, without more, there is no reliable basis for inferring specific intent. *See Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1329 (Fed.

Cir. 2009) (holding that product instructions provide no basis for inferring specific intent where instructions teach a method that the defendant "could have reasonably believed was non-infringing").

Cascades' Amended Complaint makes no factual allegations showing the requisite specific intent on the part of Best Buy. The mere conclusory statement that "Best Buy has also knowingly and intentionally actively aided, abetted and induced others to infringe (such as its customers, users, application downloaders and/or business partners in this judicial district and throughout the United States)" (Dkt. #14 at ¶ 20) is inadequate under *Twombly* and *Iqbal*, and the claim predicated on that statement should be dismissed.

Second, and perhaps more fundamentally, "[i]n order to prevail on an inducement claim, the patentee must first establish that there has been direct infringement . . . ." *ACCO Brands*, 501 F.3d at 1312. Cascades' Amended Complaint is silent as to specific instances of direct infringement by third parties that would give rise to an inducement claim. In light of this deficiency, combined with the lack of support for Cascades' conclusory assertion of specific intent, Cascades' inducement claim should be dismissed.

    **C.**     **Contributory Infringement**

Cascades' Amended Complaint fails to support a claim of contributory infringement for the same two reasons that it fails to sufficiently allege inducement. First, Cascades' bare bones recitation of satisfaction of the elements of contributory infringement "within the meaning of 35 U.S.C. § 271(c)" does not contain the factual allegations needed to support such a claim. Under 35 U.S.C. § 271(c), "[w]hoever offers to sell or sells within the United States . . . a component of a patented machine . . . or a material or apparatus for use in practicing a patented process . . . *knowing* the same to be especially made or especially adapted for use in an *infringement* of such

patent . . . shall be liable as a contributory infringer." (Emphases added). "In order to succeed on a claim of contributory infringement, . . . plaintiff must show [*inter alia*] that defendant 'knew that the combination for which its components were especially made was both patented and infringing' . . . ." *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005) (quoting *Golden Blount, Inc. v. Robert H. Peterson Co.*, 365 F.3d 1054, 1061 (Fed. Cir. 2004)); *see also Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964). Cascades' allegation that Best Buy "knowingly contributed to customer infringement" (Dkt. #14 at ¶ 20) makes no such allegation, is conclusory, and is therefore inadequate under *Twombly* and *Iqbal*.

Second, as with inducement, Cascades has not pleaded facts showing direct infringement of the '395 patent by a third party. "Liability for . . . contributory infringement is dependent upon the existence of direct infringement." *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993). Given the lack of facts supporting direct infringement, combined with Cascades' failure to allege facts supporting its bare assertion that Best Buy "knowingly contributed to customer infringement," the portions of Cascades' Amended Complaint pertaining to contributory infringement should be dismissed.

## V. IN THE ALTERNATIVE, CASCADES SHOULD BE COMPELLED TO PROVIDE A MORE DEFINITE STATEMENT

As discussed above, Cascades' Amended Complaint should be dismissed for failing to meet the pleading standards set forth in *Twombly* and *Iqbal*. If this Court does not dismiss the infringement allegations in their entirety, Best Buy respectfully requests that the Court order Cascades to provide a more definite statement explaining its claims pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

## VI. CONCLUSION

The infringement allegations in Cascades' Amended Complaint fall short of the pleading requirements as clarified in *Twombly* and *Iqbal* and do not provide Best Buy with the notice necessary to meaningfully answer those allegations. Best Buy therefore respectfully requests that this Court grant its Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, order Cascades to provide a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

DATED: October 7, 2011                    Respectfully submitted,

**SENAK KEEGAN GLEASON SMITH & MICHAUD, LTD.**

/s/ *Edward W. Gleason*

Thomas B. Keegan
Edward W. Gleason
550 West Jackson Blvd.
Suite 1400
Chicago, IL 60661
Telephone: 312-214-1400
Facsimile: 312-214-1401
tkeegan@skgsmlaw.com
egleason@skgsmlaw.com

-and-

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
Emmett J. McMahon (*pro hac vice*)
2800 LaSalle Plaza
800 LaSalle Avenue
Telephone: 612-349-8500
Facsimile: 612-339-4181
ejmcmahon@rkmc.com

**ATTORNEYS FOR DEFENDANT BEST BUY CO., INC.**

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a true and accurate copy of the foregoing, **DEFENDANT BEST BUY CO., INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS AND/OR STRIKE CASCADES BRANDING INNOVATION LLC'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**, to be filed electronically using the Electronic Filing System of the United States District Court for the Northern District of Illinois, Eastern Division, this 7th day of October, 2011.

_/s/ *Edward W. Gleason*_____